CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
AUG - 3 2012
JULIA C, DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID ATKINS, | ) | CASE NO. 7:11CV00592 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| DONALD W. FARLEY, SHERIFF, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

This pro se civil rights action, filed in the Rockingham County Circuit Court and removed to this court pursuant to 28 U.S.C. § 1441, is before the court on defendants' dispositive motions under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure and several motions from the plaintiff, David Atkins. For the reasons stated herein, the court construes Atkins' complaint as alleging constitutional claims actionable under 42 U.S.C. § 1983, over which this court has jurisdiction, pursuant to 28 U.S.C. § 1343. Upon review of the record and the parties' motions, the court denies Atkins' motion for judgment on the pleadings, motion for judgment as a matter of law, and other pending motions, and grants defendants' motions seeking dismissal of the action for failure to state a claim.

### Procedural Background

Atkins initially filed this civil rights action in the Circuit Court for Rockingham County, case number 165CL11001394-00, challenging the medical treatment he received for hypoglycemia while he was incarcerated at the Rockingham County Jail from September 2011 to

December 2011.[1]  Atkins sues Sheriff Donald F. Farley; the jail's head nurse, K. Schwartz;

Classification Officers K. Sears and Shank; and Lt. Steven Shortell.  In his complaint, Atkins

alleges, among other things, that Nurse Schwartz "cho[se] to be deliberate[ly] indifferent to

Atkin[s'] serious medical needs" regarding his alleged hypoglycemia; and that other defendants'

actions related to his bunk assignment violated his "due process." (Docket Entry ("DE") 1-1 at

p. 12, 15.)

Nurse Schwartz was served with Atkins' state court complaint on November 28, 2011,

and on December 14, 2012, filed a notice to remove, pursuant to 28 U.S.C. §§ 1441 and 1446,

attaching Atkins' state court complaint and exhibits; she also filed a copy of the notice in the

state court.  As the ground for the removal, Schwartz asserts that deliberate indifference to a

serious medical need, as alleged in Atkins' complaint, is an Eighth Amendment claim over

which this court has jurisdiction under 28 U.S.C. § 1331.  Schwartz then filed a motion for

judgment on the pleadings in this court, seeking dismissal of the action under Rule 12(c), to

which Atkins responded.

---

[1]  Atkins had earlier filed a civil rights action under 42 U.S.C. § 1983 against Nurse Schwartz
and Sheriff Farley, raising nearly identical claims regarding his medical care at the jail in September
2011.  See Atkins v. Schwartz, Case No. 7:11CV00493 (W.D. Va. Oct. 31, 2011).  The court summarily
dismissed the action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

On December 16, 2012, defendants Farley, Sears, Shank, and Shortell filed a notice of joinder in the removal,[2] along with a motion to dismiss. The court notified plaintiff of defendants' motion to dismiss as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned plaintiff that judgment might be granted for the defendants if he did not respond to the motion. Atkins filed a motion for judgment as a matter of law and a motion for judgment on the pleadings ("motions for judgment"), contesting defendants' arguments. The court requested, and has received, the state court's record.[3]

## Allegations

Atkins' complaint alleges that he is suing the defendants "under color of state law" concerning events that occurred after he was received at the Rockingham County Jail on September 7, 2011. The complaint sets out a narrative rather than a numbered set of claims.

Atkins alleges that he told Nurse Schwartz that while he had previously been incarcerated at the jail in 2003, the jail doctors and specialists had diagnosed him with hypoglycemia and had placed him on a special "double portion" diet. (DE 1-1, p. 12.) Atkins' submissions also

---

[2] Atkins has submitted what he styles as motions to deny the removal of his case to this court. See DE 12; DE 23-6, pp. 12, 19. Atkins has not filed a motion to remand the case to the state court under 28 U.S.C. § 1447(c), however, and has no grounds on which to do so. The face of Atkins' complaint alleges an Eighth Amendment claim regarding Nurse Schwartz' alleged deliberate indifference to his medical needs, and his allegations against the other defendants—concerning his need for a bottom bunk, for medical records, and grievance forms—also implicate constitutional issues, such as deliberate indifference to medical needs, denial of access to the court, and denial of due process. Moreover, Atkins does not specify any state law basis for any of his claims. Accordingly, the court liberally construes Atkins' claims against all of the defendants as alleging claims under the United States Constitution and § 1983. As a § 1983 complaint, the action was properly removed under § 1441(a). Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005) ("[R]emoval is appropriate if the face of the complaint raises a federal question.").

[3] Atkins filed a number of motions in the state court, before and after the notice of removal was filed. He refiled only a portion of these same motions in this court. These state court filings included a motion for appointment of counsel, a motion to amend to add two claims and two new defendants, and motions for judgment as a matter of law, with additional documentation related to his medical claims. Because Atkins is proceeding pro se, the court has nevertheless considered all of Atkins' submissions in assessing his claims. For reasons discussed herein, the court denies his motions.

3

indicate that while he was incarcerated at Coffeewood Correctional Center in 2007, medical staff accommodated his hypoglycemia by providing the double portion diet and three snacks daily. Although Nurse Schwartz obtained medical records for Atkins reflecting this past medical treatment, the jail staff did not provide him the double portions diet as he requested. Atkins began to get headaches, cold sweats, dizziness, and blurry vision, which he believed were caused by a drop in his blood sugar level. He filed grievances, some addressed to the sheriff, who "did nothing." (Id.)

On September 15, 2011, jail officials moved Atkins to the medical department, where staff could monitor his condition. Atkins tried to refuse this move, because his recreation and shower privileges were not the same as in the general population areas, and the room was dirty, but staff continued housing him in the medical unit for several days. Atkins complains that staff only checked his temperature and blood pressure during this time. Based on these allegations, Atkins asserts that Nurse Schwartz "cho[se] to be deliberate[ly] indifferent to Atkins' serious medical needs" regarding his alleged hypoglycemia. (Id.)

Atkins alleges that Lt. Shortell "began to interfe[re] with the grievance procedure and . . . denied Atkins copies of both medical records and grievances." (Id., p. 13.)

Atkins alleges that Officer Shank, on November 11, 2011, "told inmate Atkins to move off the bottom bunk because she needed it for another inmate with no history at all of being dizzy or having seizures." (Id., p. 14.) The other inmate said he did not need a bottom bunk and told Atkins to keep it.

Atkins alleges that Classification Officer Sears saw Atkins on the bottom bunk, told him to pack his things, moved him to another cell, and assigned him to a top bunk. Atkins alleges:

4

"Mr. Atkins informed Sgt. Sale who stated Officer Sears m[e]ssed-up [sic]. I stated no, she did not. She's doing this on retaliation to my grievance. Because medical never cleared me or told her to take me off the bottom bunk." (Id.) As a result of the move, Atkins spent three days in a "classification" unit with fewer privileges ("no phone calls, no T.V., no showers"). (Id.) Atkins asserts that Sears' actions violated his "due process." (Id.) Atkins' submissions indicate that he was transferred to another jail sometime in December 2011.

Liberally construed, Atkins' allegations raise the following claims: (1) Nurse Schwartz was deliberately indifferent to Atkins' documented need for a double portions diet related to his hypoglycemia; (2) Lt. Shortell interfered with Atkins' use of the grievance procedure; (3) Lt. Shortell denied Atkins copies of medical records and grievances he needed for his court proceedings; (4) Officers Shank and Sears were deliberately indifferent to Atkins' medical need for a bottom bunk; (5) Officer Sears misclassified Atkins for a top bunk assignment, in violation of his due process rights; and (6) Sheriff Farley knew from Atkins' grievances about all of the other defendants' constitutional violations, but did not help Atkins. As relief in this action, Atkins states that he is seeking to be moved to another jail and to receive money damages.[4] (Id., p. 15.)

## Discussion

### A. Standard of Review

Plaintiff's claims cannot survive a motion to dismiss under Rule 12(b)(6) unless he "pleads factual content that allows the court to draw the reasonable inference that the defendant

---

[4] In the state court action, Atkins also moved for appointment of counsel. Because the court does not have funding to pay attorneys to represent indigent civil litigants, the court will ask an attorney to take on representation in such cases only upon finding that such a plaintiff demonstrates a viable claim and exceptional circumstances hampering his ability to present his case. Gordon v. Leeke, 574 F.2d 1147, 1154 (4th Cir. 1978); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The court herein finds that Atkins fails to state a viable constitutional claim against any of the defendants, and therefore, the court denies his motion for appointment of counsel (DE 23-6, p. 12).

5

is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (finding motion to dismiss properly granted where plaintiff's factual allegations do not state "plausible" claim for relief). The complaint must allege facts sufficient "'to raise a right to relief above the speculative level,' thereby 'nudg[ing] the[ ] claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (first alteration in original) (quoting Twombly, 550 U.S. at 555, 570). A Rule 12(c) motion for judgment on the pleadings that asserts the defense of failure to state a claim is governed by the same standards applicable to a 12(b)(6) motion. Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401,405-06 (4th Cir. 2002) (citing Edwards v. City of Goldsboro, 178 F.3d 231,243 (4th Cir. 1999)).

In addressing whether the plaintiff has pled sufficient facts to state a claim, the court must view the facts in the light most favorable to the plaintiff, but "need not accept the legal conclusions drawn from the facts and . . . need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations omitted). The court must accept factual conclusions the plaintiff draws "only to the extent they are plausible based on the factual allegations." Burnette v. Fahey, __F.3d__, No. 11-1324, 2012 WL 2695854, *6 (4th Cir. July 9, 2012). When dismissing a complaint for failure to state a claim upon which relief may be granted, courts may consider exhibits submitted in support of the complaint, and where a conflict exists between "the bare allegations of the complaint" and any of the plaintiff's exhibits, "the exhibit prevails." United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991); see also Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995).

6

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Rule 56(c). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).[5]

## B. Medical Needs

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To prove that the course of medical treatment he received amounted to a constitutional violation, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs."[6] Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that

---

[5] In his pro se pleadings, Atkins frequently refers to his exhibits as part of his statement of his claims; without such reference, his allegations are conclusory and difficult to understand. Therefore, the court liberally construes Atkins' submissions as a whole as his complaint and as such, relies on his exhibits, in part, in addressing defendants' motion to dismiss and motion for judgment on the pleadings under Rule 12. Atkins submits additional documents in support of his motion for judgment on the pleadings and motion for judgment as a matter of law. Therefore, the court must address these motions under the summary judgment standard set forth in Rule 56. See Rule 12(d).

[6] Estelle applies the Eighth Amendment to medical claims by convicted prisoners. It is not clear from Atkins' pleadings whether he was a pretrial detainee or a convicted felon at the time of the alleged violations. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. As a practical matter, however, the contours of the Due Process Clause in the jail context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).

is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Questions of medical judgment are not subject to judicial review under § 1983, Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975), and negligent diagnosis, inadvertent failure to provide treatment, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. Accordingly, a claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not generally implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

### 1. Nurse Schwartz

Atkins raised substantially the same allegations against Nurse Schwartz in his previous case, Atkins v. Schwartz, Case No. 7:11CV00493. Based on Atkins' allegations and the grievances and documents attached to his complaint, the court found that Nurse Schwartz and other jail medical personnel "determined that Atkins' condition as they observed it did not warrant . . . providing him the double portion diet" and instead decided that it was appropriate "to confine him in the medical unit for close observation of his symptoms." Id., Mem. Op. 4-5, Oct. 31, 2011. The court ruled that even if Atkins could demonstrate that his hypoglycemia constituted a serious medical need, his submissions did not support a claim that Nurse Schwartz acted with deliberate indifference to that need. Id. at 5.

Nurse Schwartz asserts that Atkins' allegations against her in the instant action are substantially the same as in Case No. 7:11CV00493, and are similarly insufficient to support a claim that she was deliberately indifferent to Atkins' medical needs. The court agrees. Atkins'

8

submissions as a whole, in this action and in Case No. 7:11CV00493,[7] indicate that the jail's

medical staff was well aware of Atkins' hypoglycemia, monitored his condition, and provided

care. Various submissions in the record indicate that the jail's medical staff, based on their

assessment of Atkins' current condition and symptoms in the fall of 2011, provided treatment

and accommodations for Atkins' hypoglycemia, including regular tests of his blood sugar level

and accommodation of his dietary needs with daily snacks.[8] Atkins' allegations reflect his belief

that Nurse Schwartz should have provided him the double portion diet, based on the treatment

ordered for Atkins by doctors in 2003 and 2007, rather than waiting to receive Atkins' current

medical records and treatment orders from a physician who had reviewed his current symptoms.

Atkins also disagrees with the medical staff's decision to house him in the medical unit to

monitor his condition and with the medical assessments staff performed while he was there.

Such disagreements between medical personnel and the patient over the appropriate course of

treatment do not support a finding of deliberate indifference under Farmer and Estelle.[9] Because

Atkins' submissions fail to show that Nurse Schwartz acted with deliberate indifference to his

medical needs, the court grants the nurse's motion for judgment on the pleadings. For the same

---

[7] In addressing the parties' motion to dismiss under Rule 12, the court may take notice of items in the public record, such as the documents submitted in Atkins' previous lawsuit, Case No. 7:11CV00493, without converting the pending motions into motions for summary judgment. See Philips v. Pitt County Mem. Hosp. 572 F.3d 176, 180 (4th Cir. 2009) (citing other cases); Martin-Bangura v. Virginia Dept. of Mental Health, 640 F. Supp. 2d 729, 732 n.1 (E.D. Va. 2009) (taking notice of state hearing officer's decision, state court briefs and order, and a transcript of state administrative hearing).

[8] In Atkins' response to Schwartz's motion, he admits that the jail staff tested Atkins' blood sugar and starting on September 16, 2011, provided him with daily snacks and an extra meal on days when the jail only served two meals. (DE 18, pp. 2-4; 18-1, p. 3.)

[9] Atkins provides documentation indicating that on January 14, 2012, the Page County Jail medical staff began providing Atkins with a double portions diet. (DE 18, p. 5.) Contrary to Atkins' belief, this fact does not support an inference that Nurse Schwartz or other jail medical staff knowingly provided Atkins with treatment that was not appropriate for his condition as they observed it, so as to state a claim of deliberate indifference under Estelle.

Case 7:11-cv-00592-GEC-RSB   Document 24   Filed 08/03/12   Page 9 of 14   Pageid#: 414

reasons, Atkins fails to demonstrate that he is entitled to judgment as a matter of law. Therefore, the court denies Atkins' motions for judgment as to this defendant.

## 2. Officers Shank and Sears

Atkins sues Officers Shank and Sears for assigning him temporarily to a top bunk, although the medical staff had not "cleared" him medically for this change. In support of this claim, Atkins relies on two inmate request forms dated October 19, 2011, addressed from Atkins to Sears. (DE 13-1, pp. 12-13.) On one form, marked as filed at 8:45 a.m., Atkins informed Sears that he would like to qualify as a trusty to earn good time for cleaning the pod; Sears' response stated: "As I explained a trusty must get approval through Officers . . . You are bottom everything—No steps allowed. So please don[']t go up the steps on my behalf." (Id., p. 12.) On the second form, filed at 3:45 p.m. the same day, Atkins argued to Sears that his medical condition should not prevent him from being a trusty; Sears responded the same day:

> Your trusty application is in the process of being considered. Medical has cleared
> you from all housing restrictions so that is taken care of. You are no longer
> required to have a bottom bunk or stair restrictions. This is good. So now I check
> with officers for approvals.

(Id., p. 12.) Atkins asserts that Sears' responses on these forms prove that Shank and Sears knew that medical had not cleared Atkins for a top bunk assignment.

The court finds no evidence of deliberate indifference here. Sears' responses indicate that this officer had received differing accounts of Atkins' medical restrictions on the same day in October, and Atkins offers no explanation of this discrepancy. Atkins fails to offer any other information showing that Sears or Shank knew on November 11 and 14, 2011, that Atkins had a serious medical need to be assigned to a bottom bunk. If they merely failed to verify Atkins' status with medical before changing his bunk assignment, such negligent mistakes are not sufficient to state a constitutional claim. See Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir.

10

1977) (finding that "allegations of mere negligence, mistake or difference of opinion" are insufficient to state Eighth Amendment claim).

Atkins also presents no facts suggesting that his misclassification to a top bunk actually placed him at risk or caused him any serious physical harm.[10] After Shank took away Atkins' bottom bunk assignment, another inmate let him sleep on the bottom bunk anyway. As soon as Atkins learned that Sears had reclassified him to a top bunk, Atkins told someone about her error, and Atkins was reclassified. Although Atkins complained about the limited privileges in the classification unit, he does not allege that he suffered any injury during his brief stay in that unit. Finding that Atkins' submissions do not present facts stating any constitutional claim against Officers Shank and Sears,[11] the court grants defendants' motion to dismiss. For the same reasons, Atkins fails to demonstrate that he is entitled to judgment as a matter of law. Therefore, the court denies Atkins' motions for judgment as to these defendants.

### 3. Sheriff Farley

Atkins seeks to hold the sheriff liable for Nurse Schwartz's failure to provide him appropriate medical care. This claim has no merit. The sheriff rightfully relied on the opinion of the jail's medical staff as to the proper course of treatment for Atkins' current medical symptoms. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Moreover, as the court

---

[10] See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (To state a claim concerning hazardous prison living conditions, inmate must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions).

[11] Atkins alleges that Sears reassigned him to a top bunk in retaliation for a grievance. Because Atkins offers no facts to support this characterization of Sears' motives, he fails to state an actionable retaliation claim against against Sears. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliation are not sufficient to state § 1983 claim).

    Atkins also has no due process claim based on his temporary loss of privileges in the medical unit or the classification unit. Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison"; thus, such changes do not trigger due process protections. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

11

concludes that Atkins fails to state a claim that Nurse Schwartz deprived him of constitutionally protected rights, Atkins also fails to state any constitutional claim against the sheriff. See Shaw v. Straud, 13 F.3d 791, 799 (4th Cir. 1994). The court grants the sheriff's motion to dismiss. For the same reasons, Atkins fails to demonstrate that he is entitled to judgment as a matter of law. Therefore, the court denies Atkins' motions for judgment as to this defendant.

## C. Grievances and Medical Records

Atkins alleges vaguely that Lt. Shortell interfered with the grievance procedures. (DE 1-1, p. 13.) In later submissions, Atkins complains that Shortell responded to grievances at Levels I, II, and II, although the grievance procedure indicated that the upper level grievances should be addressed by the jail captain or the sheriff. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Therefore, a prison official's failure to comply with a jail's grievance procedure is not actionable under § 1983.[12]

Atkins also complains that Shortell refused to provide him with copies of his medical records or grievances. (DE 1-1, p. 13.) Other submissions indicate that Atkins wanted to submit these copies as exhibits in one of his lawsuits. Atkins has attached numerous copies of medical records and grievances to his pleadings and motions in Case No. 7:11CV00493, in this case, and in his state court action. Atkins fails to specify any particular medical record or grievance that he was unable to obtain or any respect in which inability to submit such copies to a court has adversely affected his litigation efforts. Therefore, his allegation that Shortell denied him

---

[12] Atkins also complains in later submissions that Shortell's actions constituted different treatment of Atkins, compared to other inmates using the grievance procedures. Alleged unequal treatment alone does not support a claim of constitutional deprivation. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (to prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination").

12

photocopies fails to state a claim of constitutional significance. See <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) (finding that inmate claiming denial of items related to access of the courts must show that the deprivation "hindered his efforts to pursue a legal claim"). See <u>also</u> <u>Simmons v. Kayria</u>, No. 07-3168, 2007 WL 2937013, *2 (C.D. Ill. 2007) (citing decisions) (finding that inmate has no constitutional right to a copy of his medical records). The court grants Lt. Shortell's motion to dismiss. For the same reasons, Atkins fails to demonstrate that he is entitled to judgment as a matter of law. Therefore, the court denies Atkins' motions for judgment as to this defendant.

**D. Motion to Amend**

On December 20, 2011, Atkins filed a motion in the state court, seeking to add mail room officers as defendants in "Case # CL11-1394." (DE 23-6.) In this motion, Atkins alleges that in October 2011, L. Gangwer delayed mailing one of Atkins' letters for four days on one occasion, because he did not have sufficient funds to cover the cost of the certified mail service she thought he wanted. Atkins alleges that in November 2011, B. Dellinger delayed his outgoing mail by ten days. Atkins states that he wants to add criminal charges against Gangwer and Dellinger for their alleged mishandling of his mail.

Private citizens cannot bring a direct criminal action against another person or petition federal courts to compel the criminal prosecution of another person. <u>Maine v. Taylor</u>, 477 U.S. 131, 137 (1986); <u>Leeke v. Timmerman</u>, 454 U.S. 83, 86-87 (1981); <u>Lida R. S. v. Richard D.</u>, 410 U.S. 614, 619 (1973). Because Atkins has no right to bring criminal charges in this court against these mail room officers, the court denies his motion to amend.[13]

_____

[13] Atkins indicates that when he attempted to file a criminal warrant against Gangwer in the state court over the mail delay, the magistrate "stated that it was nothing he could do [b]ecause it was Federal." (DE 23-6.)

13

## Conclusion

For the reasons stated, the court concludes that Atkins' submissions, in this case and in his previous federal action about the same subject matter, fail to present facts stating any actionable claim under § 1983 against any of the moving defendants. Therefore, the court grants defendants' motions seeking dismissal under Rule 12(b)(6). For the same reasons, Atkins fails to demonstrate that he is entitled to judgment as a matter of law, and accordingly, the court denies plaintiff's motions for judgment and other pending motions.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3ᵘᵈ day of August, 2012.

_____
Chief United States District Judge

14